UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                  CASE NO. 13-CR-20048
v.                               HONORABLE GEORGE CARAM STEEH

D-1, JESUS HERNANDEZ,

       Defendant.
                                   /

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
OF ACQUITTAL PURSUANT TO RULE 29 OR MOTION
FOR NEW TRIAL PURSUANT TO RULE 33 (Doc. 89)**

On March 18, 2014, defendant Jesus Hernandez was convicted by a jury of possession with intent to deliver 50 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846. Now before the court is defendant's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or for new trial pursuant to Federal Rule of Criminal Procedure 33. For the reasons set forth below, defendant's motion shall be denied.

**I.    Rule 29 Motion**

Rule 29 permits a court to set aside a guilty verdict and enter a judgment of acquittal if it finds that the evidence is insufficient to sustain a conviction. "All reasonable inferences must be drawn in favor of the jury's verdict." *United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008). The court is not to weigh the evidence, consider credibility,

or substitute its judgment for that of the jury. *United States v. Driver*, 535 F.3d 424, 428-29 (6th Cir. 2008) (internal quotations marks and citation omitted). If "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" then the motion must be denied. *Jackson v. Virginia*, 443 U.S. 307, 319 (1978).

Defendant has failed to establish his burden that the evidence is insufficient to sustain his convictions. As to the first count, possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1), the government was required to prove (1) that the defendant knowingly or intentionally possessed marijuana, and (2) the defendant intended to distribute marijuana. Sixth Circuit Pattern Criminal Jury Instructions, § 14.01 (2013); *United States v. Russell*, 595 F.3d 633, 645 (6th Cir. 2010). Defendant argues that he did not "know" of the existence of the marijuana until codefendant Cruz-Diaz told him after the furniture was unloaded, and that the government failed to prove that defendant "possessed" the marijuana after he learned of its existence, as he was merely present at the store where the marijuana was located and none of the government's agents testified as to personally observing defendant's actions in the store.

In this case, the evidence that defendant knowingly possessed marijuana and intended to distribute it was substantial, especially in light of the aiding and abetting and *Pinkerton* instructions given at trial. To prove that defendant was guilty of violating § 841(a)(1) under an aiding and abetting theory, the government need only show (1) the crime charged in the particular count was committed; (2) the defendant helped commit the crime, and (3) the defendant intended to help commit or cause the crime. Sixth Circuit Pattern Jury Instructions § 4.01 (2013); *United States v. Dodson*, 450 F. App'x 505, 510 (6th Cir. 2011). The government also proceeded under *Pinkerton v. United States*, 328

U.S. 640, 646-47 (1946), which holds that a conspirator is liable for the reasonably foreseeable crimes committed by his coconspirators. The evidence against defendant at trial was substantial and supports his conviction under a direct, aiding and abetting, or *Pinkerton* theory.

Defendant established the front business to receive the furniture stuffed with 1,200 kilograms of secreted marijuana and wired $10,000 in the name of the front business to Mexico, the source of origin for the drugs, just two weeks prior to the delivery of the drug laden furniture. Defendant provided a broker with his personal information for the delivery of the drug laden furniture which was placed on the border crossing documents. After the narcotics were detected and intercepted at the border, an agent telephoned the number on the shipping documents and spoke with defendant. Defendant accepted the delivery of the furniture, worked for two hours unloading the truck, and did not sign the bill of lading until all of the furniture was removed. After unloading the truck, he discussed the marijuana with his codefendant Cruz-Diaz over their lunch break, and went to the hardware store to purchase tools used to retrieve the hidden drugs. Defendant was in the front business with his codefendants for hours before agents executed a search warrant and discovered disassembled furniture and drugs all over the store as well as hammers, pry bars, chisels, and other tools. The drugs were valued at $2,000,000 which was strong evidence that defendant knew of their presence for, as the government points out, nobody would ship 1,500 bricks of marijuana to an unknowing recipient. Defendant argues that no agent testified that he personally observed the defendant removing the marijuana from the furniture, but the evidence that defendant worked with others to arrange for the packing and concealment of the drugs and their retrieval was overwhelming.

In his reply brief, defendant argues that the government misrepresents the evidence as to whether defendant admitting that he discussed the marijuana in the furniture at lunch. Defendant argues that Agent Rose testified that defendant learned about the marijuana from codefendant Cruz-Diaz after they left the restaurant. Specifically, Agent Rose testified, "He [defendant] told me in that statement that after he left the restaurant, he learned that there was marijuana in the furniture. That was while they were still on the premises of the restaurant. That's what Mr. Hernandez's statement [was] to me." (R. 83, pg ID 975). Whether defendant admitted that he discussed the marijuana while eating his lunch or in the parking lot afterwards is of no moment. This slight discrepancy, if it can be called that, is insignificant. The fact remains that defendant admitted that he knew of the existence of marijuana over the lunch break, before he went to the hardware store to buy the tools used to extricate the drugs, and before he returned to the front business and was there for hours before federal agents executed a warrant and discovered dismantled furniture and marijuana all over the store. Defendant also takes issue with the government's argument that "nobody would randomly ship $2,000,000 in marijuana to an unknowing and unknown recipient," arguing that co-defendant Cruz-Diaz was the knowing recipient. The evidence established, however, that defendant set up the front company, leased the space for it, wired money to Mexico, received and helped unload the furniture, and was in the store for many hours while the furniture was taken apart to remove the drugs. Taking the record as a whole, the jury's verdict was well supported by substantial and competent evidence.

As to the second count, conspiracy to violate the drug laws, 21 U.S.C. § 846, the government was required to prove (1) that two or more persons conspired, or agreed, to

-4-

possess with the intent to distribute 50 kilograms or more of marijuana, and (2) that the defendant knowingly and voluntarily joined the conspiracy. Sixth Circuit Pattern Criminal Jury Instructions, § 14.05 (2013); *United States v. Sliwo*, 620 F.3d 630, 633 (6th Cir. 2010). Again, substantial evidence supported the conspiracy count. The evidence established that defendant sent $10,000 to Mexico just before the shipment; he established the front business; he unloaded the drug laden furniture with three other people; he was in the front business with two other coconspirators while the drugs were removed from the furniture; he purchased tools used to remove the drugs, and he admitted to police that he discussed the presence of the marijuana with at least one other coconspirator over the lunch break. The jury's verdict on the conspiracy count was supported by sufficient evidence.

## II. Rule 33 Motion

Under Rule 33, a judge may "grant a new trial if the interests of justice so requires." A defendant challenging the sufficiency of the evidence bears the burden of proving that a new trial should be granted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). "When faced with a Rule 33 motion, unlike a motion for judgment of acquittal under Rule 29, the court may weigh the evidence and assess the credibility of the witnesses." *United States v. Matthews*, 298 F. App'x 460, 465-66 (6th Cir. 2008). A new trial should be granted where "the [jury's] verdict was against the manifest weight of the evidence." *United States v. Crumb*, 187 F. App'x 532, 536 (6th Cir. 2006). Rule 33 motions on the weight of the evidence grounds may be granted "only in extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (internal quotations marks omitted).

### A.     Weight of Evidence

Defendant reiterates his arguments in support of his Rule 29 motion, and argues that the manifest weight of the evidence does not support his convictions because there is no evidence of his knowledge or intent or agreement. For the reasons discussed above, the evidence was sufficient to support his convictions and a new trial is not warranted.

### B.     Duress Defense

Defendant argues that the court erred in granting the government's motion *in limine* to exclude his proffered duress defense. The defense of duress is available only in "rare situations" and "should be construed very narrowly." *United States v. Howe*, 289 F. App'x 74, 77 (6th Cir. 2008) (citing *United States v. Singleton*, 902 F.2d 471, 472-73 (6th Cir. 1990). The Sixth Circuit has set forth a five-part test for determining if a defendant has met his prima facie case of establishing a duress defense. Defendant must introduce some evidence as to each of the five elements set forth below:

(1)     that defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

(2)     that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;

(3)     *that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;*

(4)     that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm;

(5)     that defendant did not maintain the illegal conduct any longer than absolutely necessary.

*United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (emphasis in original). The court held an evidentiary hearing and heard testimony from defendant. At the conclusion of the hearing, the court granted the government's motion *in limine* on the record, finding that defendant had failed to establish any of the elements necessary to prove his prima facie case. In sum, the court concluded that defendant's fear was based upon nothing more than a generalized speculative threat which was insufficient under the case law to establish a defense of duress.

Now defendant argues that the Sixth Circuit's recent decision in *United States v. Jones*, 554 F. App'x 460 (2014) required this court to allow him to present a duress defense and that he should have been allowed to present evidence that Mexican drug traffickers in general are known for violence. In *Jones*, the district court allowed the defendant to present a duress defense at trial, finding that he had satisfied his prima facie case through testimony that defendant pulled out a pistol and threatened to shoot him if he would not assist in the arson, but barred the defendant from introducing evidence that his codefendant had a reputation for violence, and from presenting other evidence of specific violent acts that his codefendant had carried out. *Id.* at 463-64. The Sixth Circuit reversed, ruling that defendant should have been allowed to introduce evidence of his codefendant's prior assaults against him and others, and of his reputation for violence, in order to prove that he had a legitimate fear that his codefendant would carry out his threat to shoot him if he did not participate in the arson. *Id.* at 470.

In contrast to *Jones*, in this case, defendant did not testify that any of his codefendants pulled out a pistol and threatened to shoot him if he did not participate in the drug conspiracy, nor did he testify that his codefendants committed specific prior assaults

or that they had a reputation for violence which would have put him in fear of his life or of serious bodily injury. Defendant merely complained that Mexican drug traffickers pose a generalized threat of violence, which was insufficient to satisfy the first element of his prima facie case. Here, defendant also failed to establish the second four elements of his prima facie case as after unloading the furniture for two hours, he left to purchase tools to remove the drugs at a hardware store, and then returned separately and worked to remove the drugs from the furniture for several hours. In short, he had multiple opportunities to stop unloading the drugs, to leave the store, and to call the police. *Jones* does not alter the court's conclusion in this case that plaintiff failed to establish his *prima facie* duress defense.

## Conclusion

For the reasons set forth above, defendant's motion for judgment of acquittal or for a new trial (Doc. 89) is DENIED.

**IT IS SO ORDERED**.

Dated: December 17, 2014

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 17, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---